IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RECEIVED
IN CLERK'S OFFICE
MAR 1 9 2014
U.S. DISTRICT COURT
MID. DIST. TENN.

ROBERT ZENAS WHIPPLE, III )
)
    Plaintiff, ) CASE NO. 1:13-cv-00109
) CHIEF JUDGE HAYNES
v. ) JURY DEMAND
)
DERRICK SCHOFIELD, et al. )
)
    Defendants. )

## PLAINTIFF'S MOTION FOR CLASS ACTION DETERMINATION

Plaintiff hereby moves for a determination under subdivision (c)(1) of Rule 23 of the *Federal Rules of Civil Procedure* as to whether the case is to be maintained as a class action. Plaintiff makes this motion in order to comply with LR23.01(b). In support of this motion, Plaintiff has included a section titled "Class Action Allegations" in his *Amended Complaint* (Docket Entry No. 103) and has obtained the sworn declarations of seven class members (see Docket Entry Nos. 103 and 143).

Plaintiff has not had sufficient law library access (see Docket Entry No. 128) to adequately research applicable case law, so is unable to include a memorandum of law. A cursory search for case law yielded a few relevant cases, and they are included below.

Plaintiff is eligible for parole in less than a year, thus defendants can avoid injunctive relief by simply releasing him, thus rendering his prison medical treatment a moot issue. One Court of Appeals held that "while any individual prisoner's claim for injunctive relief is in danger of becoming moot before the court can grant relief, class certification ensures the presence of a continuing class of plaintiffs with a live dispute against prison authorities" *Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982). *See also U. S. Parole Commission v. Geraghty*, 445 U.S.