IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT ZENAS WHIPPLE, III ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:13-cv-00109 |
| ) | CHIEF JUDGE HAYNES *[handwritten: DENIED]* |
| v. ) | JURY DEMAND |
| ) | |
| DERRICK SCHOFIELD, et al. ) | |
| ) | |
| Defendants. ) | |

*[Handwritten annotation: Based upon the Defendants' response set forth in this matter and the Court's prior orders, the Defendants are not required to make copies. ill s/ 5-15-14]*

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The plaintiff moves pursuant to Rule 37(a)(3)(B)(iv)[1] of the *Federal Rules of Civil Procedure*, for an order compelling Defendant Kevin Rea to produce copies of documents requested on January 31, 2014 and February 5, 2014 and reviewed on March 28, 2014 (*see* *DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A RULE 26(f) DISCOVERY CONFERENCE*; filed April 1, 2014; Docket Entry No. Unknown).

As grounds for this motion, Plaintiff states that neither Mr. Rea nor his attorney served a written response to these requests (*Id.* ¶ 17). The Attorney General's Office responded that the documents are on file in Mr. Rea's Office, available for the plaintiff to review (*Id.* ¶ 18). The plaintiff met with Mr. Rea on March 28, 2014 and reviewed the documents, selecting pages that he wanted copied (*Id.* ¶ 20). During the review, Plaintiff identified documents that were missing from his copy of his court-ordered medical record; Mr. Rea made copies of these as well (*Id.* ¶ 21).

---

[1] (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
 (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.